UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY HOLT,<br><br>              Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>              Defendants. | Case No. 2:24-cv-03256-DJC-CSK<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Sandy Holt is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.  **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

II.    **THE COMPLAINT**

Plaintiff brings this Section 1983 action against Defendants Sacramento County Sheriff's Department, Sheriff Jim Cooper, and Sacramento Board of Supervisors. Compl. ¶¶ 1, 4 (ECF No. 1). Plaintiff alleges that on December 23, 2023, Plaintiff's 2007 Dodge Charger SRT8 was towed from an apartment building parking lot located at 12499 Folsom Blvd., Rancho Cordova, CA "at the direction of 2 Sacramento Sheriff's deputies." *Id*. ¶ 6. Plaintiff alleges that she told officers and the tow truck driver that she would

move the car, but she was ignored. *Id.* Plaintiff alleges she was told by Defendants that her vehicle was being towed due to an expired registration. *Id.* Plaintiff alleges she was approached by Sgt. Forsyth and was handed a "notice of stored vehicle" but there were no signatures on the notice indicating they had authorization to tow her vehicle, take possession of the vehicle, and did not include information as to where the vehicle was being stored. *Id.* Plaintiff alleges that Defendants did not follow the Sacramento County Sheriff's Office's abatement program that allows "people a 72 hour notice to move their cars before they are towed." *Id.* ¶ 7. Plaintiff alleges Defendants did not follow "police policy and procedure and acted using their own discretion under the color of law" and that Plaintiff's tow amounted to "cruel and unusual punishment and created an undue hardship" because it left Plaintiff without transportation. *Id*. Plaintiff further alleges that at the towing hearing, "the tow hearing Officer came out and stated 'it looks like it was a legal tow' before Plaintiff could say anything or submit any evidence for him to consider" and when asked to speak to the supervisor, she was asked to leave. *Id*. ¶ 8. Plaintiff seeks $6 million in compensatory damages, amongst other forms of relief. *Id*. ¶ 18.

III.   DISCUSSION

    A.   Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a

method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Plaintiff's four causes of action against Defendants for Section 1983 relief allege violations of the (1) Fourth and Fourteenth Amendments for unlawful seizure of property without a warrant and due process; (2) Eighth and Fourteenth Amendments for cruel and unusual punishment; (3) Fourteenth Amendment for falsification of records and failure to follow police polices and procedures; and (4) Fourteenth Amendment for discrimination and equal protection. Compl. ¶¶ 10-17. The Court addresses each of the claim's deficiencies as it relates to each Defendant.

1. Defendant Sacramento Board of Supervisors

The claims against Defendant Sacramento Board of Supervisors should be dismissed for failure to sufficiently state a claim because the Complaint contains no specific allegations as to this defendant's connection to or involvement in Plaintiff's alleged violations. *See* Compl. To the extent Plaintiff alleges that Defendant Sacramento Board of Supervisors was acting within the scope of its position or its legislative stance as it relates to the abatement program, Defendant Sacramento Board of Supervisors would be entitled to legislative immunity. The United States Supreme Court has long held that "legislators are absolutely immune from liability for their legislative activities."

*Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998). Local legislators, such as members of a county board of supervisors, are "likewise absolutely immune from suit under § 1983 for their legislative activities." *Id*. at 49. In addition, "[u]nder the doctrine of legislative immunity, members of Congress and state legislators are entitled to absolute immunity from civil damages for their performance of lawmaking functions." *Jones v. Allison*, 9 F.4th 1136, 1139-40 (9th Cir. 2021). Because the Complaint contains no specific allegations as to Defendant Sacramento Board of Supervisors, the Court cannot determine whether immunity is applicable. Though all claims against Defendant Sacramento Board of Supervisors are dismissed, leave to amend will be provided. Plaintiff will be provided an opportunity to amend her Complaint, if she can, alleging facts demonstrating Defendant Sacramento Board of Supervisors' connection to or involvement in Plaintiff's alleged violations and whether legislative immunity is applicable here.

### 2. Defendant Sheriff Jim Cooper

The claims against Defendant Sheriff Jim Cooper should also be dismissed for failure to sufficiently state a claim because the Complaint contains no specific allegations as to Sheriff Cooper's connection or involvement in Plaintiff's alleged violations. *See* Compl. As best as the Court can tell, Plaintiff seeks to name Defendant Cooper in his supervisory capacity of the Sacramento County Sheriff's Department. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Though all claims against Defendant Cooper are dismissed, leave to amend will be provided. Plaintiff will be provided an opportunity to amend her Complaint, if she can, alleging specific facts demonstrating Defendant Cooper's connection to or involvement in the alleged violations.

### 3. Defendant Sacramento County Sheriff's Department

It appears that Plaintiff seeks to bring a claim for municipal liability against

Defendant Sacramento County Sheriff's Department pursuant to Section 1983. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the Complaint does not allege any facts that could support a *Monell* claim. Plaintiff alleges generally that Defendant Sacramento County Sheriff's Department did not follow "police policy and procedures" of the abatement program during Plaintiff's towing. Compl. ¶ 7. Instead, Defendant Sacramento County Sheriff's Department "acted using their own discretion under the color of law." *Id*. Such conclusory allegations are insufficient to state a *Monell* claim. *See Western Mining Council*, 643 F.2d at 624. Therefore, the claims against Defendant Sacramento County Sheriff's Department are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend her

Complaint but must allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendant Sacramento County Sheriff's Department's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

### B.     Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time

"preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## IV. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: April 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, holt2356.24