UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY HOLT, | Case No. 2:24-cv-03256-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| SGT. FORSYTH #221, et al., | (ECF No. 4) |
| Defendants. | |

Plaintiff Sandy Holt is proceeding in this action pro se.[1] On April 25, 2025, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and dismissed her complaint with leave to amend. *See* 4/25/2025 Order (ECF No. 3). On May 22, 2025, Plaintiff filed the operative First Amended Complaint ("FAC"). FAC (ECF No. 4).

**I.    SCREENING REQUIREMENT**

The determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

1  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous
2  when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319,
3  325 (1989). In reviewing a complaint under this standard, the court accepts as true the
4  factual allegations contained in the complaint, unless they are clearly baseless or
5  fanciful, and construes those allegations in the light most favorable to the plaintiff. *See*
6  *Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592
7  F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

       Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627
F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*).
However, the court need not accept as true conclusory allegations, unreasonable
inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d
618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does
not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

       To state a claim on which relief may be granted, the plaintiff must allege enough
facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the
complaint and an opportunity to amend unless the complaint's deficiencies could not be
cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80
F.3d 336, 339 (9th Cir. 1996).

## II.    THE FIRST AMENDED COMPLAINT

       Plaintiff brings this Section 1983 action against Defendants Sacramento County
Sergent Forsyth #221 and Sacramento County Deputy Higley #473. FAC at 1-2. The
FAC alleges the following claims pursuant to 42 U.S.C. § 1983: (1)  violation of the
Fourth and Fourteenth Amendments for unlawful search and seizure and deprivation of
personal property without a warrant or due process; (2) violation of the Eighth and

Fourteenth Amendments for cruel and unusual punishment, emotional distress, undue hardships, abuse of power under color of law; and (3) violation of the Fourteenth Amendment for falsification of official records. FAC at 4-5. Plaintiff alleges on December 23, 2023, at 12499 Folsom Blvd., Rancho Cordova, California, Defendants took possession of her 2007 Dodge Charger SRT8 without "legal justification" and without "due process." FAC ¶ 6. Plaintiff alleges prior to the seizure of her vehicle, Defendants engaged in premediated conduct by filling out a "notice of stored vehicle" prior to their arrival. *Id*. ¶ 7. Plaintiff alleges when Defendants arrived, she had informed Defendants that the property manager had issued her a 72-hour notice to move her vehicle or risk being towed and that only 24 hours had passed. *Id*. ¶ 9. When Plaintiff stated she would move the vehicle herself, she was told the vehicle was in possession. *Id*. Plaintiff alleges Defendants falsified an official report and fabricated reasons to justify the seizure of her vehicle when the vehicle was parked on private property and failed to provide prior notice to Plaintiff that her vehicle would be towed. *Id*. ¶¶ 10, 16. Plaintiff alleges she did not consent to the seizure of her vehicle and that her vehicle was neither obstructing traffic nor posing a public safety hazard. *Id*. ¶¶ 12-13. Plaintiff also alleges Defendants did not do an inventory when impounding her vehicle as required under police departmental policy. *Id*. ¶ 14. Plaintiff alleges Defendants' actions were willful and without legal basis and constitute premeditated auto theft. *Id*. ¶ 15. Plaintiff further alleges Defendant Forsyth has a pattern of constitutional and departmental violations as to Plaintiff's vehicle based on a prior encounter in July 10, 2023 where the towing of Plaintiff's vehicle was found to be illegal. *Id*. ¶ 17. Plaintiff seeks $6 million in damages and other forms of relief. *Id*. ¶¶ 25-29.

III.     DISCUSSION

　　A.     Federal Rule of Civil Procedure 8

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks

3

omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Plaintiff raises the following claims pursuant to 42 U.S.C. § 1983: (1) violation of the Fourth and Fourteenth Amendments for unlawful search and seizure and deprivation of personal property without a warrant or due process; (2) violation of the Eighth and Fourteenth Amendments for cruel and unusual punishment, emotional distress, undue hardships, abuse of power under color of law; and (3) violation of the Fourteenth Amendment for falsification of official records. FAC at 4-5. The Court addresses each of the claims below.

        1.      <u>First Cause of Action: Unlawful Search and Seizure</u>

First, Plaintiff brings a Fourth and Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 for the unlawful search and seizure of her vehicle. FAC at 4. The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). The Fourth Amendment does not prohibit all search and

seizure. "[I]f the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Carroll v. United States*, 267 U.S. 132, 149 (1925). Plaintiff alleges Defendants justified the seizure of her vehicle by falsifying information. *See* FAC at ¶¶10, 16. This cause of action as pled is sufficient for screening purposes to require Defendants to respond to Plaintiff's Fourth Amendment cause of action.

However, it is not clear whether Plaintiff is seeking to raise a separate cause of action for violation of due process under the Fourteenth Amendment relating to the seizure of her vehicle. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff does not clearly allege a separate cause of action and what procedural protection she believes she was entitled to but denied. To the extent Plaintiff is seeking to raise a separate cause of action for a due process violation under the Fourteenth Amendment, this cause of action is dismissed with leave to amend. Plaintiff will be provided an opportunity to amend her First Amended Complaint, if she can, alleging what procedural protection she believes she was entitled to and facts demonstrating Defendants' connection to or involvement in the alleged violations.

## 2. Second Cause of Action: Cruel and Unusual Punishment

Second, Plaintiff brings an Eighth and Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 for cruel and unusual punishment asserting that Plaintiff "has had to walk everywhere she goes or take public transportation" due to "the ripple effect of Defendant's decisions." FAC at 5. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment under the Eighth Amendment applies only after conviction and sentencing. *Lee v. City of*

5

*Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016); *see also Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees."). The First Amended Complaint does not make any allegations that Plaintiff was a prisoner, arrested, or that she was a pretrial detainee. *See generally* FAC. As a result, Plaintiff cannot bring a claim for cruel and unusual punishment based on her currently pled allegations. Plaintiff will be provided an opportunity to amend her First Amended Complaint, if she can, alleging specific facts regarding whether Plaintiff' was a prisoner or a pretrial detainee at the time of the incident.

### 3. Third Cause of Action: Falsification of Records

Third, Plaintiff brings a Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 based on Defendants' alleged submission of "false reports in order to justify decisions made to steal plaintiff's vehicle." FAC at 5. There is a "clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). To state a Section 1983 claim of deliberate fabrication, a plaintiff must plead sufficient facts to allege that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Orcutt v. Pelletier*, 2023 WL 3735584, at *1 (9th Cir. May 31, 2023) (quoting *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017)). Here, Plaintiff's allegations do not sufficiently allege that Defendants caused her deprivation of liberty or that Plaintiff was subjected to criminal charges based on falsified records. *See generally* FAC. As a result, Plaintiff cannot bring a claim for deliberate fabrication of reports based on her currently pled allegations. Plaintiff will be provided an opportunity to amend her First Amended

Complaint, if she can, but must allege specific facts demonstrating, if any, that Defendants deliberately fabricated evidence that caused Plaintiff's deprivation of liberty.

### B. Plaintiff's Options

Plaintiff may proceed forthwith to serve Defendants Sacramento County Sergent Forsyth #221 and Sacramento County Deputy Higley #473 and pursue her Fourth Amendment claim for unlawful search and seizure (First Cause of Action) only, or she may delay serving any Defendant and attempt again to state cognizable claims against Defendants Forsyth and Higley. If Plaintiff elects to proceed forthwith against Defendants Forsyth and Higley as to her Fourth Amendment claim for unlawful search and seizure (First Cause of Action), then within thirty days Plaintiff must so elect on the appended form. In this event the Court will construe Plaintiff's election as consent to dismissal of her claim for cruel and unusual punishment (Second Cause of Action) and Fourteenth Amendment claim for falsification of records (Third Cause of Action) against Defendants without prejudice. Under this option, Plaintiff does not need to file a Second Amended Complaint.

Or, Plaintiff may delay serving any Defendant and attempt again to cure the deficiencies identified above. If Plaintiff elects to attempt to amend her complaint to cure the deficiencies identified above, she has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. The amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Cause of Action (Cruel and Unusual Punishment) and Third Cause of Action (Fourteenth Amendment Falsification of Records) against Defendants Sacramento County Sergent Forsyth #221 and Sacramento County Deputy Higley #473 are dismissed with leave to amend. Within thirty days of service of this order, Plaintiff may amend her complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend her complaint.

2. The allegations in the First Amended Complaint are sufficient at least to state a Fourth Amendment claim for unlawful search and seizure (First Cause of Action) against Defendants Sacramento County Sergent Forsyth #221 and Sacramento County Deputy Higley #473. *See* 28 U.S.C. § 1915A. If Plaintiff chooses to proceed solely as to this claim, Plaintiff shall so indicate on the attached form and return it to the Court within

thirty days from the date of this order. In this event, the Court will construe Plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

    3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 16, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, holt2356.24

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY HOLT,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. FORSYTH #221, et al.,<br><br>    Defendants. | No. 2:24-cv-03256-DJC-CSK<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with her Fourth Amendment claim for unlawful search and seizure (First Cause of Action) against Defendants Sacramento County Sergent Forsyth #221 and Sacramento County Deputy Higley #473. Under this option, Plaintiff consents to dismiss her Cruel and Unusual Punishment (Second Cause of Action) and Fourteenth Amendment Falsification of Records (Third Cause of Action) claims against Defendants Sacramento County Sergent Forsyth #221 and Sacramento County Deputy Higley #473 without prejudice.

**OR**

\_\_\_\_\_    Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
                                Plaintiff

10